UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0008-SEB-MKK |
| | ) | |
| MARK LUZAR, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On November 19, 2024, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on May 7, May 30, August 14, September 3, and November 19, 2024. Defendant Luzar appeared in person with his appointed counsel William Dazey. The government appeared by Barry Glickman, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Ross Carothers.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

    1.    The Court advised Defendant Luzar of his rights and provided him with a copy of the petitions. Defendant Luzar orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant Luzar admitted Violation Number 11. [Docket No. 54.] Government orally moved to withdraw the remaining violations, which motion was granted by the Court; Violations Numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, and 14 dismissed.

    3.    The allegation to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 11 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | On August 21, 2024, the offender arrived at the Avenues Recovery Center in Clarksville, Indiana, for inpatient treatment. A urine sample collected from Mr. Luzar was positive for methamphetamine and buprenorphine. |

4. The parties stipulated that:

    (a)  The highest grade of violation is a Grade B violation.

    (b)  Defendant's criminal history category is VI.

    (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5. The government argued for a sentence of 24 months' imprisonment with no supervised release to follow. Defendant's counsel argued mitigating factors. Defendant requested placement at USP Coleman II with an assessment for eligibility of participation in RDAP or MAT.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e) and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 21 months with no supervised release to follow. The Magistrate Judge will make a recommendation of placement at USP Coleman II with an assessment for eligibility of participation in RDAP or MAT. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So recommended.

Date: 11/22/2024

_M. Kendra Klump_
M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system